Bead, jT.
We are unable to perceive any error in the charge of the court below.
The foundation of the action was a parol lease, of a term which the statute of frauds and perjuries declares void. To escape its operation, reliance is had upon part performance.
Part performance, which avoids the statute, may be defined to be acts done in performance of the contract, which put the party performing in such a situation that the non-enforcement of the agreement, as to him, would be a fraud.
The situation of the parties must be so changed that the enforcement of the contract alone can furnish adequate relief.
*Henee, the mere payment of the purchase money will not avoid the statute, because its recovery back is regarded as full compensation. But delivery of possession, in performance of the contract, avoids its operation.
But if possession be relied upon, it must be clearly referable to the contract, and be delivered and held in performance of it.
Possession must give the contract life, and if they can possibly be separated, the parol agreement perishes under the operation of' the statute.
Hence, if the possession can be referred to any other source than the parol contract, which it is claimed to support, even to the wrongful act of the party in possession, or to a different contract, the statute applies.
Thus, if a vendor sell to a vendee, in possession as tenant, the possession is referred to the original tenancy, and not the contract of sale. So with a tenant in possession, in case of a parol agreement for different terms of holding, if no acts are performed which clearly show that the possession is continued under the last agreement, it will be referred to the original tenancy, and such parol contract will be void. '
*234 In the ease now under consideration, the record shows no act that is not as clearly referable to the possession under the old tenancy, as the parol lease upon which recovery is sought.
If it be contended that rent was paid under the parol contract, it may be replied, from aught that appears in the record, that the same rent was due on the original tenancy, under which the defendants were in possession.
The possession of the defendants, then, is not shown, by unequivocal acts, to have been continued or held solely in performance of the parol contract, and must be referred to the prior lease.
Possession must accompany the contract, in performance of it, in all cases, to avoid the statute; and this is, in substance, the charge of the court below. The record says the possession was not delivered tinder the parol lease, but was continued under the prior tenancy.
*True, Armstrong purchased the premises subject to the lease, and, after the purchase, rent was paid to him, but this, unexplained, must be deemed a simple act of attornment, and does not imply a holding upon different terms.
Rent was due upon either holding, and possession was consistent with the original tenancy. Judgment affirmed.